OPINION

SLOVITER, Circuit Judge.
Appellant Tracey Lea was sentenced to six months imprisonment for certain probation violations. She appeals the reasonableness of that sentence. We will affirm.[1]
I.
In 2006, Lea pled guilty to one count of making a false statement to a firearms licensee in violation of 18 U.S.C. § 924(a)(1)(A) and was sentenced to a three-year term of probation. The District Court imposed several special conditions of probation, including that Lea refrain from use or possession of drugs, that she submit to drug tests, and that she participate in drug and mental health treatment (Lea suffers from depression and suicidal ideation).
Lea violated numerous conditions of her probation. She failed to take required drug tests and subsequently tested positive for phencyclidine, refused to participate as ordered by her probation officer in mental health and drug treatment, and removed her electronic monitoring bracelet and disappeared for four months when ordered to attend an in-patient treatment facility.
After she was apprehended, the District Court held a revocation of probation hearing. Lea admitted her probation violations, including specifically her drug use, the removal of her electronic monitoring bracelet, and her refusal to attend in-patient treatment as ordered by her probation officer. According to Lea, she removed her monitoring bracelet and refused to attend treatment because she needed to provide care for her grandmother (who subsequently died) and daughter. She also stated that she recognized her need for mental health care.
The District Court correctly determined that Lea faced a Guidelines sentencing range of three to nine months imprison *756 ment. See U.S.S.G. § 7B1.4(a). Lea argued for a sentence at the bottom of the Guidelines range in light of her mental health problems, the breakdown of her family structure, her intelligence, and the loss of her grandmother. The government requested that the District Court impose a term of imprisonment in light of the seriousness of the probation violations.
The District Court found that Lea was in violation of her probation and revoked probation. It imposed a sentence of six months imprisonment and thirty months of supervised release (including the first 120 days in a halfway house). The District Court also recommended that Lea receive drug and mental health treatment during her detention and supervised release. The Court concluded that this sentence was “the minimum amount of time that [Lea] needs to be in custody before she can really reflect and process what has occurred and what’s at risk.” App. at 17. The District Judge also found that Lea would be well served by receiving treatment in a custodial setting because “I don’t think that she is anywhere near ready to go on the street right now.” App. at 16.
II.
We review the reasonableness of a sentence under an abuse-of-discretion standard. See United States v. Tomko, 562 F.3d 558, 564 (3d Cir.2009) (en banc). We have outlined a three-step process which district courts must complete in imposing a sentence. First, the court must calculate the applicable Guidelines range. Second, it must rule on any motions for departure pursuant to the Guidelines. Finally, it must consider the § 3553(a) sentencing factors to determine the appropriate sentence. See id. at 567.
Here, Lea contends that the Court failed to adequately consider certain mitigating factors — particularly her upbringing, the impact of a prison sentence on her family, her intelligence, and her mental health problems. However, the District Court’s sentence was both procedurally and substantively reasonable. The Court correctly calculated the Guidelines range, heard argument from both parties regarding an appropriate sentence, and explained its reasons for imposing the sentence on the record. Indeed, the record shows that the District Court was aware of the mitigating factors cited by Lea and considered them, including particularly her need for mental health and drug treatment. Finally, we cannot conclude that the District Court abused its discretion in ordering a six month term of imprisonment in light of the serious probation violations committed by Lea.
III.
For the above-stated reasons, we will affirm the judgment and sentence.

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).