NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 10-1429

———

UNITED STATES OF AMERICA

v.

TRACEY LEA,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-05-cr-00479-002)
District Judge: Honorable Legrome D. Davis

———

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2010

Before: McKEE, Chief Judge, SLOVITER, and COWEN, Circuit Judges.

(Filed: November 18, 2010)

———

OPINION

———

SLOVITER, *Circuit Judge.*

Appellant Tracey Lea was sentenced to twelve months imprisonment for a series of probation violations. She appeals the reasonableness of that sentence.[1] We will affirm.

## I.

In 2006, Lea pled guilty to making a false statement to a firearms licensee in violation of 18 U.S.C. § 924(a)(1)(A) and was sentenced to three years of probation. Lea subsequently violated conditions of her probation. Consequently, based on a Guidelines range of three to nine months imprisonment, Lea was sentenced to six months imprisonment and thirty months supervised release, with the first 120 days in a halfway house. Lea appealed that sentence and we affirmed. *United States v. Lea*, 350 F. App'x. 754 (3d Cir. 2009) (not precedential).

Once released from custody, Lea again violated the conditions of her supervised release by failing to report to her probation officer, failing to advise the probation officer of her change of address, using illegal drugs, and failing to participate in a treatment program. The Guidelines range for these violations was again three to nine months imprisonment. The District Court held a revocation hearing. At the hearing, Lea did not deny the violations and agreed that a term of imprisonment was appropriate. The

_____

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

2

Government and probation officer recommended a term of imprisonment at the high end of this range, with no supervision to follow. After discussing the violations with the Lea, the probation officer, and counsel, the District Court imposed a sentence of twelve months imprisonment, with no supervised release to follow. The imprisonment term is three months longer than the high end of the Guidelines range.

**II.**

We review the reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Tomko*, 562 F.3d 558, 564-68 (3d Cir. 2009) (en banc). There is no dispute that the District Court accurately calculated the Guidelines range, nor were there any motions for departure. Although the defendant does not expressly complain that the Court imposed an above-Guidelines sentence, such a sentence was consistent with the District Court's actions in imposing progressively more serious sanctions in an effort to bring the defendant into compliance. The Court stated it had purposefully chosen a harsh sentence in the hope that Lea would be more motivated to comply with the dictates of the law, stating "I want you to understand that the jail is an uncomfortable experience where you are missing things that are important to you . . . ." Supp. App. at 30. The Court continued, "if you think that, you can come to that realization, maybe next time you'll try harder at it." *Id.*

As in her prior appeal, Lea contends that the District Court failed to consider and apply the 18 U.S.C. § 3553(a) factors. However, the record reflects that to the extent

3

these mitigating factors were raised, the District Court considered each of them when crafting a sentence. Accordingly, the sentence was procedurally reasonable. Nor can we conclude that the sentence was a substantively unreasonable abuse of discretion given Lea's repeated violations and the need for incremental punishment.

## III.

For the above-stated reasons, we will affirm the judgment and sentence.

4